(90 Misc. Rep. 429)

## HALL v. CITY OF LOCKPORT.

(Supreme Court, Special Term, Niagara County.   May 15, 1915.)

1. MUNICIPAL CORPORATIONS ☞975—TAXES—LIENS—LIMITATIONS.

    Under Lockport City Charter (Laws 1911, c. 870) § 271, providing that general city taxes shall be a lien upon the lands upon which they are assessed for 10 years from the first publication of notice of such taxes by the city treasurer, the lien lapses after the expiration of such 10 years, except when proceedings to enforce it have been stayed.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2087–2091;  Dec. Dig. ☞975.]

2. MUNICIPAL CORPORATIONS ☞975—TAXES—LIEN—CANCELLATION.

    Where 10 years have elapsed since the first publication of the treasurer's tax notice, under Lockport City Charter, § 271, creating liens upon assessed lands, it is improper and unnecessary for the common council to cancel and discharge the taxes, since the liens therefor are canceled by operation of law.

    [Ed. Note—For other cases, see Municipal Corporations, Cent. Dig. §§ 2087–2091;  Dec. Dig. ☞975.]

3. MUNICIPAL CORPORATIONS ☞979—TAXES—CANCELLATION OF LIEN—ACTION.

    In an action brought under Code Civ. Proc. § 1638, and section 1639, subd. 3, for the determination of claims to real property, to cancel taxes after 10 years from the date of the first publication of the treasurer's notice of assessment, as provided in Lockport City Charter, § 271, relief cannot be granted, since, the lien having expired by operation of law, the element of an apparent lien, necessary to the maintenance of the action, is absent.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2120–2133;  Dec. Dig. ☞979.]

Action by William H. Hall against the City of Lockport to compel the determination of the question as to whether certain unpaid taxes were liens.   Complaint dismissed.

Charles L. Nicholls, of Lockport, for plaintiff.
Roy H. Ernest, of Lockport, for defendant.

POUND, J.   This case is submitted upon an agreed statement of facts, for the purpose of obtaining a judicial construction of section 271 of the present charter of the city of Lockport (Laws 1911, c. 870), which reads as follows:

"Sec. 271. Tax Liens.—All general city taxes hereinafter levied in said city shall be a lien upon the lands on which they are assessed, for ten years from the first publication of the notice of such tax or assessment by the treasurer, and shall have priority in the order of time in which they become liens.   If the proceedings to enforce said liens have been stayed by a court or judge, the period of such stay shall not be taken as a part of said ten years.   Such liens shall be superior to any mortgage, judgment or other lien of any nature affecting said premises except state and county taxes and liens in favor of the United States."

This provision of the Revised Charter is a re-enactment of section 237 of the Revised City Charter of 1886 (Laws 1886, c. 120).   The

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

charter of the city of Lockport provides for the foreclosure *by action* of the lien of city taxes as mortgages on real property are foreclosed in courts of record, culminating in judgment of foreclosure and sale, and sale by the city treasurer. See article 11, §§ 255–296, inclusive, City Charter.

[1] The first question is whether the taxes are a lien upon the lands assessed for more than 10 years from the first publication of the notice thereof by the treasurer, except when proceedings to enforce the same have been stayed. Code of Civil Procedure, § 1251, provides that judgments docketed in the county clerk's office are a charge upon real estate "for ten years after filing the judgment roll, *and no longer.*" The words "and no longer" are missing from the charter provision, but I am unable to attach any especial significance to their absence. If the taxes are a lien "for ten years," the words are meaningless, unless it is implied that the lien then lapses. These tax foreclosures are supposed to be begun forthwith, when the city treasurer certifies to the corporation counsel the unpaid taxes which have been in his hands for one year if they amount to $50, or for three years in any event. Ten years is ample time to put taxes into judgment, if the city officials move promptly. If they are dilatory, and proceedings to enforce the tax liens are not stayed, the lien may be lost. All this seems so plain as to require no argument beyond the mere statement of fact.

[2] The next question is whether the common council should cancel and discharge taxes when 10 years have expired since the first publication of the notice of such tax by the treasurer and the lien has lapsed. Such action is improper and unnecessary and beyond the powers of the common council. The law cancels the lien of such taxes, and one might with equal propriety expect a judgment creditor to satisfy a judgment after it has ceased to be a lien on real estate as to expect the common council, even if it had the power to do so, to cancel taxes after they cease to be a lien.

[3] The final question is: What relief can be granted in this action, which is brought under Code Civ. Proc. § 1638, and section 1639, subd. 3, "to compel the determination of a claim to real property"? It must be shown in order to obtain a judgment in plaintiff's favor: (1) That the taxes are an apparent lien on the property assessed therefor, void in fact, though seemingly valid, having some show of validity; and (2) either that defendant (a) unjustly claims that such lien is valid, or (b) that it appears from the public records that such a claim might unjustly be made. There can be no presumption that proceedings to enforce the lien have been stayed, or that the city can make such a claim. The necessary element of an apparent lien is absent, as the records disclose when the taxes set forth in the complaint ceased to be a lien, and the city makes no claim of a lien by virtue of a stay of proceedings, or otherwise. The court is without jurisdiction to grant relief.

Complaint dismissed. Decision accordingly.